**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**BROWN & ROOT, INC., et al., Respondents.**

**No. 14680.**

United States Court of Appeals Eighth Circuit.

June 14, 1963.

## 544

William A. Brown, Houston, Tex., made argument for the respondents.

William J. Avrutis, Atty., N. L. R. B., Washington, D. C., made argument for the petitioner.

Before VAN OOSTERHOUT and BLACKMUN, Circuit Judges, and HENLEY, District Judge.

PER CURIAM.

This cause is before the Court on the motion of respondents for a modification of our supplemental decree herein so as to order the payment by respondents of the sum of $533 to Betty Sue Bailey, the asserted widow of the apparently deceased Dallas W. Bailey, an Appendix A back wage claimant.[1] The motion alleges that apparently Dallas W. Bailey is dead, and that his surviving widow, Betty Sue Bailey, is the sole heir, and that the board has requested respondents to make the $533 payment to Mrs. Bailey, which respondents are willing to do. It is further alleged, however, that respondents have no knowledge of the identity of the heirs at law or devisees, if any, of Bailey or of the status of his estate, if any.

Shortly after the motion was filed the Board submitted a memorandum in support of the motion, which memorandum had attached thereto copies of documents indicating that Dallas W. Bailey died intestate in 1954 while a domiciliary of Arkansas; that he was survived by a widow and three children, one of whom died during minority, unmarried and without issue; and that the remaining two children have now attained their majorities and have disclaimed in favor of their mother all interests in the award made to Bailey in these proceedings.

In passing upon the motion it is well to keep in mind that our supplemental decree has two aspects. First, as between respondents and the Appendix A wage claimants or their representatives the decree amounts to a money judgment. Second, as between respondents on the one hand and the Board and this Court on the other hand, the decree is something more than a money judgment since it imposes upon respondents a personal obligation to make payments, and a failure on the part of respondents to discharge this obligation may result in contempt proceedings against them.

If respondents' compliance with our decree is called in question by means of a contempt citation based upon an alleged failure of respondents to make payment to an Appendix A claimant or his representatives, this Court will necessarily have to take cognizance of problems which respondents may have encountered in connection with the payment in question to determine whether respondents have in good faith endeavored to carry out their obligation or whether they have contumaciously failed to do so. And it would seem that as far as this Court is concerned respondents would not be in contempt if upon being confronted with a question as to the individual or individuals entitled to receive a particular award respondents have made a good faith effort to determine who should receive the money or have manifested a willingness to make payment if reasonable conditions are met. For example, in the case of a deceased Appendix A claimant, respondents might satisfy their obligation to the Board and to the Court by standing ready and willing to make payment to a duly appointed personal representative of the decedent, and in that connection might reasonably require the individual or individuals asking for the money to carry the burden of securing the appointment of a personal representative of the decedent by a court of competent jurisdiction. Or, respondents' obligation to this Court might be met by an actual payment made by respondents at their own risk following a reasonable investigation to determine that the money was being paid to the proper person or persons.

It does not follow, however, that this Court should undertake to decide what

---

1. Dallas W. Bailey mentioned in the motion presumably is the same individual as the D. W. Bailey listed in Appendix A to our supplemental decree.

persons are entitled to receive the back pay awards in favor of Appendix A claimants who may have died, disappeared, or become incompetent in the course of this protracted litigation; and the Court is not willing to undertake that task which would involve determination of questions of purely local probate law, and which might involve resolution of disputed questions of fact. Such questions can be decided more appropriately in local forums if they cannot be worked out by the interested parties.

Ignoring claims of possible creditors of Bailey, and accepting at face value the statements contained in the Board's memorandum and the documents attached thereto, payment of the $533 award to Mrs. Bailey would seem to be unobjectionable and indeed proper, and respondents are certainly free to make such payment. But, in view of what has been said we do not feel that we should advise or order respondents to make that particular payment, or that there is any occasion for the modification of our decree. Consequently, the motion will be denied.